IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LESLIE FLOWERS, individually and on behalf of all those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>NEA-BBQ, LLC, d/b/a SONNY'S BBQ,<br><br>    Defendant. | Civil Action No.<br><br>2:16-cv-00288-WCO-JCF<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff LESLIE FLOWERS ("Plaintiff" or "Flowers"), by and through undersigned counsel, on behalf of herself and all similarly situated individuals, and files this Complaint against Defendant NEA-BBQ, LLC, d/b/a Sonny's BBQ ("Defendant" or "NEA-BBQ" or "Sonny's BBQ") and shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.  As to Counts I and II, Plaintiff brings this action as the representative party for all similarly situated

employees of Defendant.

2.

This action seeks declaratory relief, along with liquidated and actual damages for Defendant's failure to pay federally mandated minimum wages and overtime wages to Plaintiff and similarly situated individuals in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.  Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant NEA-BBQ is a Georgia limited liability company and resides in this district.  Defendant does business in and is engaged in commerce in the State of Georgia.  Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's and the putative class' claims occurred in this district.

### III. Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

From approximately August 2013 through March 2015, Plaintiff was employed as a server by Defendant at its Conyers, Georgia location and was an "employee" of Defendant within the meaning of 29 U.S.C. § 203€ within three years preceding the filing hereof.

7.

Defendant NEA-BBQ, LLC owns multiple Sonny's BBQ franchises in the District and at all times relevant to this action, Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d) and was not exempt from overtime provisions of FLSA.

8.

At all times, relevant to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, because it had employees engaged in commerce because its annual gross sales volume exceeds $500,000.

9.

From the onset of her employment, Defendant's managers directed Plaintiff and her similar situated co-workers that they were never allowed to "clock in" more than 30 hours per week, but would require Plaintiff, and her co-workers, to work more than 30 hours per week.

10.

At all times, relevant to this action, Defendant attempted to take advantage of 29 U.S.C. §203(m) with respect to Plaintiff and other similar situated employees.

11.

At all times, relevant to this action, Defendant classified all servers, including Plaintiff, as non-exempt for FLSA purposes and paid them on an hourly basis at a sub-minimum wage hourly rate of $2.13.

12.

At all times, relevant to this action, Defendant did not notify Plaintiff or her similarly situation co-workers that it intended to treat the employees' tips as part of its minimum wage obligations.

13.

Even assuming Defendant did inform Plaintiff and other similarly situated employees that it intended to use tip credit authorized by 29 U.S.C. § 203(m), Plaintiff and other similar situated employees did not receive customer tips in an amount that, together with the sum-minimum wage, equaled the minimum hourly wage.

14.

Instead of paying Plaintiff and similarly situated employees the difference between their base pay and tips, to fulfil its minimum wage obligation, Defendant altered compensation records of Plaintiff and similarly situated employees in order to falsely adjust employees' tips to create the appearance that the employees had received tips in a greater amount in order to couple those false amounts with the employees' base pay of $2.13 an hour, and declare they had paid the employees a minimum wage.

15.

Defendant's practices are illegal and violate minimum wage provision of the FLSA by failing to compensate Plaintiff and other similar situated employees in accordance with the minimum wage provisions of the FLSA.

16.

Throughout her employment with Defendant, Plaintiff and other similarly situated employees regularly worked more than the 40 hours per workweek that Defendant would allow them clock, but was paid for those hours.

17.

In all instances in which Defendant failed to pay Plaintiff and other similarly situated employees for overtime hours they worked, Defendant had full knowledge that Plaintiff worked the hours she was not paid for. Plaintiff was directed, by management, to work more well over 40 hours per week but was only paid for 30 hours of work or less.

18.

During her employment, Plaintiff was required to work hours off the clock with Defendant's actual or constructive knowledge.

19.

Throughout her employment with Defendant, Plaintiff's primary job duty was manual labor, specifically serving customers at Defendant's restaurants. Throughout Plaintiff's employment, she has been paid on an hourly basis.

20.

Within the last two years, Plaintiff worked alongside other servers at Defendant's restaurants performing the same or similar job duties, work hours, and other job requirements.

21.

Plaintiff and the other servers that have been denied minimum wages, or overtime pay for overtime hours worked, are all employees paid on an hourly basis.

22.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §§ 204 and §207.

### IV. Collective Action Allegations

23.

Plaintiff brings Counts I and II of this Complaint on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals are individuals who currently or formerly have been employed by Defendant, at any time during the last three (3) years, as servers that were paid on an hourly basis and not minimum wage nor were paid overtime compensation for hours worked over 40 hours in given workweek(s).

24.

During the last three years, Plaintiff and the Collective Class routinely worked more than (40) hours per workweek without receiving overtime compensation for the hours they worked over 40 hours in given work weeks while performing the duties of servers for Defendant.

25.

Defendant was aware that Plaintiff and the Collective Class were not receiving minimum wage and were working more than 40 hours in given workweeks without receiving overtime compensation.

26.

During the last three years, Defendant failed to keep accurate time records for all hours worked by Plaintiff and the Collective Class.

27.

During the last three years, the primary duty of servers was the performance of non-exempt work.

28.

During the last three years, Defendant forced Plaintiff and members of the Collective Class to work off the clock and then falsified their time and reporting records.

29.

During the last three years, Plaintiff and the Collective Class regularly worked more than 40 hours in given workweeks without receiving overtime compensation for hours worked more than 40 in such weeks.

30.

Defendant's servers, including Plaintiff and the Collective Class, are entitled to minimum wage compensation that they were not paid and overtime pay for the hours they worked over 40 in given workweeks. Defendant's practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207.  Because of Defendant's unlawful practices, Plaintiff and the Collective Class have suffered lost wages.

### Count I

### Failure to pay Minimum Wage Compensation
### Violation of 29. U.S.C. § 206

31.

Plaintiff re-alleges paragraphs 1 through 30 as if fully restated herein.

32.

Pursuant to 29 U.S.C. §203(m) an employer may take a tip credit on the wages of a "tipped employee" if the employer provides notice to that employee that it intends to treat the employee's tips as a part of its minimum wage

obligations and that together with employee's base hourly pay and tips, the employee's compensation equals the minimum hourly wage.

33.

Based on Defendant's conduct, as described above, Defendant failed to pay Plaintiff and similarly situated employees the federal minimum wage for all hours worked.

34.

Defendant's actions were willful, within the meaning of 29 U.S.C. § 255(a) and were committed with a conscious disregard for the rights of Plaintiff and similarly situated employees.

35.

Because of Defendant's actions and violations of the FLSA, Plaintiff and all similarly situated employees are entitled to recover their unpaid minimum wage compensation plus liquidated damages, prejudgment interest, reasonable attorneys' fees and costs, pursuant to 29 U.S.C. 216(b) with all amounts to be determined at trial.

## Count II

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act (Plaintiff and the Collective Class)

36.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

37.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff and the Collective Class worked more than 40 hours in given workweeks and for forcing Plaintiff and the Collective Class to work off the clock without compensation.

38.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked more than 40 hours in a workweek.

39.

Defendant suffered and permitted Plaintiff and the Collective Class to routinely work more than 40 hours per week without overtime compensation.

40.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required overtime rate.

41.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

42.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff and the Collective Class, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

43.

Plaintiff and the Collective Class were subject to the same unlawful policies of Defendant, i.e. Defendant's failure to pay Plaintiff and the Collective Class for some of their hours worked over 40 in workweeks.

44.

Defendant's violations of the FLSA were willful and in bad faith.

45.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff and the Collective Class are entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

### Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff and class members that opt-in a trial by jury as to all triable issues of fact;

(B) Enter judgment against Defendant and award Plaintiff and members of the proposed classes that opt-in unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)    Grant declaratory judgment declaring that the rights of Plaintiff and members of the proposed classes that opt-in have been violated and that Defendant willfully violated the FLSA;

(D)    Grant conditional certification and provide notice of this action to all similarly situated individuals;

(E)    Grant Plaintiff leave to add additional claims if necessary; and

(F)    Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 27rd day of December, 2016.

        **BARRETT & FARAHANY**

        /s/ Taylor J. Bennett
        Amanda A. Farahany
        Georgia Bar No. 646135
        Taylor J. Bennett
        Georgia Bar No. 664063

        *Attorney for Plaintiff Leslie Flowers*

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
amanda@justiceatwork.com
taylor@justiceatwork.com